**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5378-15T4

LARRY PRICE,

    Plaintiff-Appellant,

v.

LARRY D'ARRIGO AND UNION CITY
ZONING BOARD OF ADJUSTMENT,

    Defendants-Respondents.

_____

          Argued September 26, 2017- Decided October 19, 2017

          Before Judges Carroll and Mawla.

          On appeal from Superior Court of New Jersey,
          Law Division, Hudson County, Docket No. L-
          0422-16.

          Larry Price, appellant, argued the cause pro
          se.

          Respondents Larry D'Arrigo and Union City
          Zoning Board of Adjustment have not filed
          briefs.

PER CURIAM

    Plaintiff Larry Price appeals from a July 21, 2016 trial

court decision affirming a resolution by the Union City Zoning

Board of Adjustment (Board) granting defendant Larry D'Arrigo's application for variances to re-build his home and remanding an issue for the Board's consideration. On appeal, plaintiff asserts the same arguments presented to the trial court. Finding no merit in plaintiff's claims, we affirm for the reasons set forth in the trial court decision.

The following facts are taken from the record. D'Arrigo sought to rebuild his two-family home, which was located on an undersized non-conforming lot, after a fire destroyed it and five adjoining homes in 2014. D'Arrigo's property is in an "R zone," which permits one, two, and three family dwellings. After his property burned down, D'Arrigo proposed constructing a two family dwelling. Because his lot was undersized, D'Arrigo applied for variances pursuant to N.J.S.A. 40:55D-70(c). Plaintiff challenged the application, claiming D'Arrigo's property did not conform to the lot dimension, yard dimension, height, or off-street parking requirements of the ordinance, and that D'Arrigo did not apply for a use variance pursuant to N.J.S.A. 40:55D-70(d)(1).

The Board approved D'Arrigo's application, which included several variances. Plaintiff filed a complaint in lieu of prerogative writs challenging the Board's determination. On July 21, 2016, the trial court found in favor of the Board on all issues, but remanded the issue of a height variance.

In a written opinion, the trial court addressed all of plaintiff's claims. At the outset, the trial court rejected plaintiff's claim that a "d variance" was required because the use of the property remained the same; D'Arrigo intended to rebuild his home.

Plaintiff claimed the Board could not grant a "c variance" because the fire destroyed D'Arrigo's property and all six structures on the remaining lots, which were also undersized lots. Plaintiff relied on Feiler v. Fort Lee Bd. of Adjustment, 240 N.J. Super. 250, 256 (App. Div. 1990), in which we held:

> The power to grant bulk and use variances, N.J.S.A. 40:55D-70c. and d.(1), is carefully circumscribed. It is limited to adjusting the zoning impact on specific pieces of property in individual cases for special reasons. "[I]f the difficulty is common to other lands in the neighborhood so that the application of the ordinance is general rather than particular," a variance may not be granted.
>
> [(quoting Lumund v. Bd. of Adjustment of the Borough of Rutherford, 4 N.J. 577, 583 (1950), certif. denied, 127 N.J. 325 (1991)].

The trial court distinguished Feiler, noting the application there sought to "convert an entire low density two-family zone into a high density residential tower district." The trial court noted no factual similarity with the Board's granting of a "c variance" to D'Arrigo.

Plaintiff argued that D'Arrigo did not mitigate the hardship requiring him to seek a variance by purchasing the surrounding land to create a conforming lot. The trial court rejected plaintiff's argument, finding D'Arrigo had tried, but was unable to purchase the surrounding land. Specifically, D'Arrigo had inquired whether the adjacent properties were for sale, but they were not, and plaintiff had not established that an adjacent lot plaintiff claimed was for sale was listed at the time of the Board's hearing.

Plaintiff claimed there was no support for a variance pursuant to N.J.S.A. 40:55D-70(c)(2), because it was not demonstrated that the benefits of granting the variance substantially outweighed the detriment as required by the statute. The trial court rejected this claim, noting the planning expert had testified that the variance would "not impair the intent and purpose of the zoning plan, and actually furthers the purpose of establishing stable [sic] neighborhoods, with stable neighbors."

Plaintiff argued the "negative" criteria had not been satisfied pursuant to N.J.S.A. 40:55D-70, which provides:

> No variance or other relief may be granted
> under the terms of this section, including a
> variance or other relief involving an
> inherently beneficial use, without a showing
> that such variance or other relief can be
> granted without substantial detriment to the
> public good and will not substantially impair

the intent and the purpose of the zone plan and zoning ordinance.

The trial court rejected this argument noting the Board had considered the fact there would be a loss of a parking space as a result of granting the variance, but determined it was outweighed by the benefit of allowing property owners to rebuild their homes.

Plaintiff asserted a height variance was required because the structure D'Arrigo sought to build included three stories and an attic. The Union City ordinance permitted structures of three and one-half stories, but required a height variance for half stories occupying more than sixty percent of the story beneath it. D'Arrigo's proposed attic height exceeded seventy four percent of the floor beneath it. Thus, the trial court concluded a height variance was "clearly needed yet was not granted nor sought." Therefore, the matter was remanded to the Board for consideration.

"[M]unicipalities are authorized to impose conditions on the use of property through zoning by a 'delegation of the police power' that must 'be exercised in strict conformity with the delegating enactment -- the [Municipal Land Use Law] (MLUL).'" Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (quoting Nuckel v. Borough of Little Ferry Planning Bd., 208 N.J. 95, 101 (2011)). "The MLUL exhibits a preference for municipal land use planning by ordinance rather than by variance, which is accomplished through

the statute's requirements that use variances be supported by special reasons, and by proof of the negative criteria." <u>Ibid.</u> (citations omitted).

Our courts have recognized that "because of their peculiar knowledge of local conditions," zoning boards "must be allowed wide latitude in the exercise of delegated discretion." <u>Kramer v. Bd. of Adjustment</u>, 45 <u>N.J.</u> 268, 296 (1965). A "board's decisions enjoy a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion." <u>Price</u>, <u>supra</u>, 214 <u>N.J.</u> at 284 (citing <u>Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment</u>, 172 <u>N.J.</u> 75, 81 (2002)). A party challenging that grant or denial of a variance must "show that the zoning board's decision was 'arbitrary, capricious, or unreasonable.'" <u>Ibid.</u> (quoting <u>Kramer</u>, <u>supra</u>, 45 <u>N.J.</u> at 296).

We have carefully considered plaintiff's arguments and thoroughly reviewed the record. We are convinced the trial court's decision is supported by sufficient credible evidence and plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(D) and (E). Therefore, the trial court's determination is affirmed substantially for the reasons set forth in its July 21, 2016 decision.

A-5378-15T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5378-15T4